THE STATE EX REL. HINDS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Hinds v. Indus. Comm.* (1999), 84 Ohio St.3d 424.]

(No. 96–2804—Submitted January 13, 1999—Decided February 10, 1999.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Thompson Hine & Flory, L.L.P.,* and *Robert W. Myers,* for appellee GenCorp, Inc.

---

**Per Curiam.** Decisions going to a claimant's right to participate, or to continue to participate, in the workers' compensation system must be appealed to common pleas court. *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Thus, where the commission, as here, has ruled that further participation is barred by R.C. 4123.52's statute of limitations, that decision must be challenged by way of appeal. *Valentino v. Keller* (1967), 9 Ohio St.2d 173, 38 O.O.2d 412, 224 N.E.2d 748; *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807; *State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm.* (1992), 63 Ohio St.3d 277, 586 N.E.2d 1077.

Claimant's reliance on *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 556 N.E.2d 168, and *State ex rel. Morrow v. Indus. Comm.* (1994), 71 Ohio St.3d 236, 643 N.E.2d 118, is misplaced. These cases dealt only with the commission's authority to modify prior orders, not with R.C. 4123.52's statute of limitations. They are not, therefore, dispositive.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., dissents and would reverse the judgment of the court of appeals.

PFEIFER, J., dissents.