ON OBJECTIONS TO THE MAGISTRATE'S DECISION IN MANDAMUS DECISION
Relator, Ellwood Engineering Casting Company, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio ("commission"), to vacate its order that invoked the commission's continuing jurisdiction, pursuant to R.C. 4123.52, in order to consider a claim for death benefits relating to the death of Kenneth Foltz. Relator also asks this court to issue a writ to order the commission to deny the May 2000 motion filed by Frances Foltz, asking the commission to hear her claim for death benefits. The commission filed a motion to dismiss arguing relator had an adequate remedy at law.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that the motion to dismiss filed by the commission should be overruled. Likewise, the magistrate decided the requested writ of mandamus should be denied as relator failed to show the commission improperly exercised its continuing jurisdiction, pursuant to R.C. 4123.52, and failed to show the claim was barred by the two-year statute of limitations in R.C. 4123.84.
Relator and respondent have filed objections to the magistrate's decision. Relator argues that there is no valid basis for the commission's exercise of continuing jurisdiction, that the magistrate failed to apply collateral estoppel and that the commission lacks jurisdiction as it has previously found Kenneth Foltz's death was not work-related. Respondent argues that relator has an adequate remedy at law pursuant to R.C. 4123.512.
In 1995, Kenneth Foltz sustained an injury in the course and scope of his employment and his worker's compensation claim was allowed. Mr. Foltz died one month later. Mary Foltz, decedent's wife, filed a claim for death benefits listing herself as the only person dependent on Mr. Foltz at the time of his death. Mrs. Foltz did not list Mr. Foltz's daughter, Frances, who was not living at home at the time of Mr. Foltz's death. Mrs. Foltz's claim was denied on the basis that there was no causal connection to Mr. Foltz's employment.
In 2000, Frances Foltz asked the commission to exercise continuing jurisdiction to consider her claim for death benefits, as she did not receive notice of the 1995 hearing on her step-mother's claim. The motion was denied by a staff hearing officer. Frances filed an appeal which the commission construed as a request for reconsideration and denied it. Frances then filed a letter explaining that her first motion should have been heard by a district hearing officer and the subsequent filing should have been heard by a staff hearing officer as an appeal and not by the commission as a request for reconsideration.
In an order mailed March 13, 2001, the commission set a hearing to determine whether to exercise continuing jurisdiction. Following the July 10, 2001 hearing, the commission determined an exercise of continuing jurisdiction was proper based on a mistake of law. The commission then set a hearing to consider the merits of Frances' claim. Prior to a decision on the merits of Frances' claim, relator filed this action in mandamus.
In order to be entitled to a writ of mandamus, relator must demonstrate that he has a clear legal right to the relief prayed for, that respondents are under a clear legal duty to perform the acts, and that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. Based on the facts of this case, we find respondent's objection to be well-taken, as relator has an adequate remedy at law pursuant to R.C. 4123.512.
The commission, although deciding to consider Frances' claim, has yet to decide her claim on its merits. Relator has not been ordered to make any payments and has suffered no loss except the necessity of having to appear at one or two administrative hearings. The fact that the administrative process may be more time consuming than obtaining a writ of mandamus from this court or the Ohio Supreme Court does not mean that the process does not constitute a plain and adequate remedy at law. State ex rel. Kronenberger-Fodor Co. v. Parma (1973), 34 Ohio St.2d 222, syllabus. Relator may still obtain a ruling in its favor from the commission. While we recognize there are some issues pertaining to a death benefits claim that cannot be raised in an appeal pursuant to R.C.4123.512, such as dependency, see State ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, it appears the essential issue here is whether the decedent's death was causally related to his employment. Such an issue is clearly appealable. Liposchak, at 279.
Upon a review of respondent's objection and an independent review of the record, this court adopts the magistrate's findings of fact but rejects the magistrate's conclusions of law. We find respondent's objection to be well-taken and it is sustained. Given our disposition of respondent's objection, relator's objections are overruled as moot. Therefore, this court grants respondent's motion to dismiss.
Respondent's objection sustained, relator's objections overruled, motion to dismiss granted, writ of mandamus denied.
PETREE and BROWN, JJ., concur.
 IN MANDAMUS
Relator, Ellwood Engineering Casting Company, filed this original action in mandamus asking the court to issue a writ compelling respondent Industrial Commission of Ohio to vacate an order in which it invoked its continuing jurisdiction pursuant to R.C. 4123.52 to consider a final determination on a claim for death benefits relating to the death of Kenneth Foltz. Relator, the former employer of Mr. Foltz, seeks a writ compelling the commission to deny the May 2000 motion filed by respondent Frances Foltz in which she asked the commission to rehear the claim for death benefits because, although she was wholly dependent on Mr. Foltz at the time of his death, she had no notice of or opportunity to be heard at the hearings adjudicating the claim.
Findings of Fact:
1. In February 1995, Kenneth Foltz suffered an industrial accident, and his workers' compensation claim was allowed for a sprained ankle and bruised knee.
2. In March 1995, Mr. Foltz died from a pulmonary embolism at the age of forty-eight.
3. In May 1995, decedent's wife at the time of his death, Mary E. Foltz, filed a claim for death benefits. Mrs. Foltz listed herself as the only person dependent upon decedent at the time of his death. She did not list Mr. Foltz's daughter, Frances, who was living away from home at college. Mrs. Foltz was the stepmother of Frances Foltz.
4. In January 1997, following a denial of the death claim by the Bureau of Workers' Compensation, a district hearing officer heard the claim and denied it on the grounds that death was not causally related to the employment.
5. Pursuant to a March 1997 hearing, a staff hearing officer affirmed, and the commission refused further appeal. Mrs. Foltz was the only claimant to whom notice was sent regarding the hearings and decisions.
6. Mrs. Foltz did not appeal the adverse ruling to the common pleas court.
7. On May 31, 2000, Frances Foltz filed a motion asking the commission to exercise continuing jurisdiction to modify its 1997 decision. Frances asserted that the prior orders were void because she did not receive notice of the hearings and was wholly dependent on decedent.
8. On October 13, 2000, a staff hearing officer ("SHO") heard Frances Foltz's motion. The SHO stated inter alia that the commission was not notified until May 24, 2000, that the decedent had another possible dependent. The SHO denied the motion in an order mailed November 22, 2000, stating in part:
 * * * It was the widow-claimant's duty to include all dependents that she was aware of. There has been no testimony submitted indicating that the widow-claimant, who was Frances Foltz's step-mother, was not aware of Ms. Foltz's residence in Florida. In addition, there was testimony at hearing that Ms. Foltz was informed of [her father's] demise and in fact attended the funeral services.
 The Hearing Officer finds that although [Frances] was not notified of the death claim * * *, said lack of notice is not sufficient to vacate all of the prior hearings on this matter.
 The Hearing Officer finds that the matter of the claimant's death allowance was adjudicated fully on its merits and was denied at every level in the Industrial Commission. Ms. Foltz has not indicated that she has any additional evidence to present at hearing concerning [Mr. Foltz's] passing. Therefore, the Hearing Officer finds that Ms. Foltz's lack of notice was the fault of the widow-claimant and to revisit the matter would give the widow-claimant an unfair advantage.
 The * * * C-86 motion requesting Ohio Revised Code 4123.52
relief is DENIED.
(The order above is referred to herein as "the October 2000 order" or "the SHO order.")
9. On December 4, 2000, Frances Foltz filed an appeal from the SHO order.
10. The commission construed the appeal as a request for reconsideration and denied it on January 3, 2001.
11. On January 10, 2001, Frances Foltz filed a letter explaining that the initial hearing on her motion should have been heard by a district hearing officer and that her December 2000 appeal should have been heard as an appeal rather than a request for reconsideration but that, in any event, the commission should have granted it due to the violation of her right to due process.
12. In an order mailed March 13, 2001 (referred to herein as "the referral order"), the commission vacated its order of January 3, 2001, and directed that a hearing be held to determine whether to exercise continuing jurisdiction:
 The claimant's letter, filed 01/12/2001, is construed as a second request for reconsideration of the Staff Hearing Officer order dated 10/13/2000, and is referred to the Commission Level Hearings Section to be docketed before Members of the Industrial Commission. The questions to be heard are:
 1. The claimant's request for the Industrial Commission to invoke continuing jurisdiction under Ohio Revised Code 4123.52 and,
 2. The merits of claimant's C-86 Motion filed 05/31/2000.
 * * * Claimant has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration, regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow.
* * *
 * * * Claimant's request for reconsideration filed 01/12/2001 is to be set for hearing to determine if the alleged mistake of law as noted herein is sufficient for the Industrial Commission to invoke its continuing jurisdiction.
 In the interests of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Industrial Commission will take the issue under advisement and proceed to hear the merits of the claimant's C-86 Motion filed 05/31/2000. The Commission will thereafter issue an order on the matter of continuing jurisdiction under Ohio Revised Code 4123.52. If authority to exercise continuing jurisdiction is found, the Commission will go on to address the merits of the underlying questions. [Emphasis added.]
13. The hearing was held on July 10, 2001. Mary Foltz, Frances Foltz, and the employer appeared. In an order mailed August 15, 2001, the commissioners found that the issue of Mary Foltz's entitlement to death benefits had already been fully litigated and that further consideration was barred by res judicata. However, the commissioners concluded that the orders did not determine the rights of Frances Foltz, who had no notice or opportunity to be heard:
 07/10/2001 It is the finding of the Industrial Commission that the * * * request for reconsideration, filed 01/12/2001, and the * * * appeal, filed 12/04/2000, be taken under advisement for further review and discussion and that an order be published without further hearing.
 07/10/2001 After further review and discussion, it is the finding of the Industrial Commission that the order of the Staff Hearing Officer dated 10/13/2000 is based upon a mistake of law. Specifically, it is found that Frances Foltz, the daughter of Kenneth Foltz, was entitled to notice of the hearings at which the claim for death benefits on account of the death of Kenneth Foltz was determined. As no notice of these hearings was sent to Frances Foltz, she was not afforded her due process rights of notice and hearing. The Industrial Commission finds that this mistake of law is a proper basis for the invocation of the continuing jurisdiction of the Industrial Commission under R.C. 4123.52. Therefore, the order of the Staff Hearing Officer dated 10/13/2000 is vacated. The matter of the rights of Frances Foltz to an award of death benefits as a consequence of the death of Kenneth Foltz is referred for hearing by the District Hearing Officer on the merits of the application. The Industrial Commission notes that this order does not vacate the order of 03/06/1997, insofar as it adjudicated the application of Mary Foltz for death benefits, which remains denied.
 On 03/24/1995, Kenneth Foltz died. On 05/11/1996, an application for death benefits was filed by Mary Foltz, the widow of Kenneth Foltz, and step-mother of Frances Foltz. This application lists Mary Foltz as the sole dependent of Kenneth Foltz. This application was hear by the District Hearing Officer on 01/10/1997, and by the Staff Hearing Officer on 03/06/1997. Mary Foltz was the only claimant to whom notice of these two hearings was sent. Both orders find Mary Foltz to be the sole dependent of Kenneth Foltz.
 Frances Foltz was born on 10/06/1975. At the time of Kenneth Foltz' death she was a full-time student at Mercyhurst College. She continued to be a full-time student at Mercyhurst College until she graduated on 05/25/1997.
 At this hearing, Frances Foltz testified that, while she was aware of the death of Kenneth Foltz, she was not aware of the filing of a claim by Mary Foltz or of the proceedings related to that claim.
Ohio Revised Code 4123.84 provides:
 (A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
* * *
 (4) Written notice of death has been given to the commission or bureau.
 Ohio Administrative Code 4123-3-07, which governs applications for death benefits, provides:
 An application signed by a person claiming to be a dependent, as described herein, shall be accepted for filing and shall be sufficient to initiate proceedings for workers' compensation benefits and to obtain a ruling on the validity of the claim.
Ohio Revised Code 4123.59(D) provides:
 The following persons are presumed to be wholly dependent for their support upon a deceased employee:
* * *
 (2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program
 On 05/11/1995, a form C-2 First Notice of Death and Preliminary Application was filed by Mary Foltz. She listed herself as the only person dependent upon the decedent at the time of death. Under the language from Ohio Administrative Code 4123-3-7 quoted above, the application filed by Mary Foltz satisfied the requirement for a filing of an application for death benefits within two years of death for all persons who would, at any time, claim to be in the dependent class. Frances Foltz has now made a prima facie showing that she was wholly dependent upon Kenneth Foltz at the time of his death.
 The hearings held on 01/10/1997 and 03/06/1997 gave Frances Foltz no opportunity to be heard on the issue of the compensability of the death of Kenneth Foltz, or of her dependency. She was not sent notice, did not have actual notice, and, as she was an adult at that time, notice to her step-mother did not provide her with constructive notice.
 It is well settled that the doctrines of res judicata and collateral estoppel are inapplicable to actions where the parties are not the same or in privity. The interests of Frances Foltz and Mary Foltz in the claim for death benefits arising out of the death of Kenneth Foltz are not in privity. Had any award of compensation been made by the prior determinations in 1997, the amount awarded is set by operation of statute, so that the amount either received would reduce the amount the other received. Notwithstanding the identity of some of the matters which must be proven for recovery, and the absence of any evidence of concealment, the Industrial Commission cannot hold that the actions of one claimant can act to bar proceedings by another who had no knowledge of the proceedings brought by the first party, where the parties are adults who have no legal duty of support to each other, and whose interests are, to some extent, adverse.
 Mary Foltz has had notice and hearing on her claim to an award of compensation in consequence of the death of Kenneth Foltz. Frances Foltz has not. The orders disallowing the death claim made by Mary Foltz do not determine the rights of Frances Foltz.
 Reconsideration of the order of the Staff Hearing Officer order dated 10/13/2000 is granted to this extent: the matter of the claim of Frances Foltz for an award of compensation arising out of the death of Kenneth Foltz is referred for hearing by the District Hearing Officer on its merits. This hearing officer is to consider whether Kenneth Foltz' death occurred in the course of and arising out of his employment, and the degree of Frances Foltz' dependency upon Kenneth Foltz at the time of his death. The claim of Mary Foltz is not to be further considered, as it is barred from further consideration by the doctrine of res judicata. [Emphasis added.]
14. The employer then filed the present action in mandamus.
15. After the employer filed its brief, the commission filed a motion to dismiss on the grounds that the issues: (1) were appealable to the common pleas court under R.C. 4123.512 as soon as there was a final order on Frances Foltz's claim for death benefits, thus giving the employer an adequate remedy at law; and (2) that the administrative proceedings were still pending and that the employer had not yet exhausted its administrative remedies. The magistrate issued an order deferring a ruling on the motion and directing that briefing continue.
Conclusions of Law:
In its order of August 15, 2001, the commission reached several conclusions. It determined that the SHO erred in denying Frances Foltz's motion on the grounds that her claim for death benefits was barred by a final order in 1997, and it determined that this error warranted the exercise of continuing jurisdiction under R.C. 4123.52 to correct the SHO order. After invoking its continuing jurisdiction, the commission addressed an additional issue relating to Ms. Foltz's claim, concluding that her claim was not barred by the statute of limitations. The employer challenges each of these determinations, and also challenges the order of March 2001 in which the commission referred the matter for hearing.
The employer contends that the SHO correctly concluded that the commission had already determined the causation question in regard to Mr. Foltz's death and was barred from revisiting that issue. The employer contends that the exercise of continuing jurisdiction was unwarranted. Further, the employer contends that, regardless of whether there was error in the SHO rulings as to notice and due process, the commission abused its discretion in ordering that Frances Foltz's claim be heard by a district hearing officer because her claim was not timely filed and was barred by R.C. 4123.84(A).
Before addressing the matter of whether Frances Foltz's claim was barred as a matter of law by preclusion doctrines or by the statute of limitations, the magistrate addresses whether the court may review these issues in mandamus. Respondent commission has filed a motion to dismiss on the grounds that the employer has an adequate remedy at law because it may file an appeal under R.C. 4123.512 in due course.
It is well established that administrative decisions regarding a claimant's right to participate in the workers' compensation system must be appealed to the common pleas court under R.C. 4123.512. E.g., State ex rel. Hinds v. Indus. Comm. (1999), 84 Ohio St.3d 424. In her motion of May 2000, Frances Foltz claimed a right to participate, alleging that she was wholly dependent on her father, whose death was causally related to an injury he sustained in the course of and arising from his employment. She argued that although the commission had been notified of Kenneth Foltz's death and held hearings regarding allowance of a death claim, her rights had never been adjudicated because she had no notice or opportunity to be heard.
The parties do not dispute that, where a person files a claim for death benefits, and where the commission disallows the claim because it is barred by the statute of limitations or because death did not result from an injury in the course of and arising from employment, the disallowance may be challenged in the common pleas court under R.C. 4123.512. The parties agree that, if the commission had simply denied Frances' motion at all levels, she could have appealed the final order to the common pleas court because she had been denied the right to participate in the workers' compensation system. Likewise, if the commission had ruled in her favor, the employer had a remedy under R.C. 4123.512. Further, the parties agree that, if the commission allows the death claim in the hearings that are pending, the employer can appeal the allowance under R.C. 4123.512.
Therefore, it appears that two of the subsidiary issues presented to the court in this action — whether Frances' claim was barred by a final order in prior proceedings and whether her claim was barred by the statute of limitations — are matters that the common pleas court would ordinarily resolve in an appeal under R.C. 4123.512, which would provide an adequate remedy at law.
Consequently, the only issue that may be reviewable in this action is the commission's exercise of authority under R.C. 4132.52 to modify its prior orders. There are judicial decisions ruling that the exercise of continuing jurisdiction under R.C. 4123.52 is a matter that may be reviewed in mandamus. E.g., State ex rel. Nicholls v. Indus. Comm. (1998), 81 Ohio St.3d 454; State ex rel. Foster v. Indus. Comm. (1999),85 Ohio St.3d 320.
However, the commission contends that, in order to determine whether the commission properly exercised continuing jurisdiction, the court must determine whether there was error in the ruling that Frances Foltz's claim was barred by a prior order, an issue that must be determined in the common pleas court pursuant to a statutory appeal.
To review the procedural events relevant to this question, the magistrate notes that claimant's motion was heard in the first instance not by a district hearing officer but by a staff hearing officer. When the SHO ruled against Frances Foltz, she filed an appeal that the commission construed as a request for reconsideration and denied on January 3, 2001. Her counsel wrote a letter on January 10, 2001, explaining that the matter should have been an appeal rather than a request for reconsideration but that, in any event, the commission should have granted it due to the violation of her right to due process. The commission construed the letter as another request for reconsideration of the SHO decision, and it issued an order in March 2001 referring the matter for hearing. Following a July 2001 hearing, the commission issued an order in August 2001, finding that the SHO had made a mistake in denying due process of law to Ms. Foltz. Accordingly, the commission invoked its continuing jurisdiction to correct the mistake.
Continuing jurisdiction is governed by R.C. 4123.52, and there are numerous judicial decisions that focus on the commission's authority under R.C. 4123.52 to modify orders even after many years when a party can show that new and changed circumstances have arisen since the final order was rendered, or that there was fraud in obtaining the order, or that there was a mistake of fact or law that must be remedied. E.g., State ex rel. B C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538; State ex rel. Bing v. Indus. Comm. (1991), 61 Ohio St.3d 424; State ex rel. Smothers v. Mihm (1994), 69 Ohio St.3d 566; State ex rel. Welsh v. Indus. Comm (1999) 86 Ohio St.3d 178.
In addition, there have been recent decisions focusing on requests for reconsideration filed promptly after a final administrative order. E.g., Nicholls; Foster, supra. Although no statute explicitly authorizes reconsideration, it is clear that the commission has inherent power to reconsider its orders for a reasonable period of time. State ex rel. Gatlin v. Yellow Freight Systems, Inc. (1985), 18 Ohio St.3d 246. Of course, the commission must follow any regulations that govern reconsideration. Id. Further, when granting reconsideration on the grounds of a mistake, the commission may not grant reconsideration on the mere "possibility" of error in the prior order. Nicholls. The commission must identify the error and explain in a meaningful way why it is exercising continuing jurisdiction. Foster.
Because the parties dispute the relevance of Foster to the present action, the magistrate reviews its facts and holding. The commission issued an interlocutory order stating that it would hold a hearing on an employer's request for reconsideration of an award of PTD compensation ("PTD"), based on the following: "It is the finding of the Industrial Commission that the Employer has presented probative evidence of a clear mistake of fact and of law in the order from which reconsideration is sought." Foster, supra, at 321. The claimant challenged that order in mandamus and prohibition, seeking to stop the commission from holding a new PTD hearing. The Ohio Supreme Court concluded that, although the commission stated a finding of "clear mistake," its language violated the spirit of Nicholls and was insufficient for a proper exercise of continuing jurisdiction:
 * * * In this instance, as in Nicholls, claimant cannot refute the allegation of error without knowing what the alleged mistake is. Saying that an error is "real" as opposed to possible is equally hollow is there is no way to test the legitimacy of the assertion. [Foster, supra, at 322.]
The court in Foster also addressed a motion to dismiss on the grounds that the administrative order was interlocutory and that relator accordingly had not exhausted her administrative remedies. The court denied the motion, declining to apply State ex rel. Lantz v. Indus. Comm. (1993), 66 Ohio St.3d 29, in which it had found premature an action in mandamus where the commission granted reconsideration of a PTD award but continued payment of compensation, finding the action premature because the new hearing had not been held and claimant had not experienced any deprivation as yet. The court in Foster overruled the motion to dismiss as follows:
 The commission's reliance on Lantz is misplaced. Lantz was never intended to excuse the improper exercise of continuing jurisdiction. Where continuing jurisdiction is improperly exercised and a party is forced to needlessly relitigate an issue, that party has been adversely affected. Lantz cannot be used to shield the commission where it has exercised continuing jurisdiction based on error that it declines to identify. [Foster, supra, at 323.]
The court required the commission to vacate its interlocutory order and to refrain from proceeding with the hearing.
In other decisions as well, the court has indicated that, when the commission improperly exercises authority under R.C. 4123.52 to modify a final order, a challenge may be brought in mandamus. See Hinds, supra (and the cases cited therein).
Before determining whether Foster and other decisions permit this court to review the present challenge in mandamus, the magistrate notes that, here, the commission considered continuing jurisdiction in two different contexts. In the hearing of October 2000, the SHO (ruling on the May 2000 motion) focused on whether there was an error in the 1996-1997 proceedings that would require the commission to revisit the final order issued in 1997 regarding Mr. Foltz's death. In contrast, in the July 2001 hearing, the commission (ruling on requests for reconsideration) focused on whether there was an error in the order issued in October 2000 regarding preclusion issues. Thus, the July 2001 hearing not only included issues under R.C. 4123.52 generally, but it also presented issues involving reconsideration specifically.
The difficulty in the present action is that, in order to decide whether the commission properly granted reconsideration, this court must determine whether there was error in the October 2000 order denying Ms. Foltz's right to participate, a question that would ordinarily be addressed by the common pleas court in a statutory appeal. Thus, one of the issues argued by the parties is whether Foster applies when the administrative order involves a right-to-participate matter, or whether Foster must be limited to orders that involve extent-of-disability issues for which there is no statutory appeal.
Although the usual rule is that errors in allowing/disallowing a death claim must be challenged in a statutory appeal, relator argues that the present action presents an exception because Ms. Foltz not only asked in her initial motion that the commission exercise authority under R.C.4123.52, but she also, later in the proceedings (after issuance of a final order), asked the commission to exercise continuing jurisdiction to reconsider the final order of October 2000, thus placing the matter within the rule of Foster. In rebuttal, the commission argues that this court should not follow Foster because the material facts are different, and, indeed, the magistrate recognizes that the posture in Foster and the order at issue differ from those in the present action.
As explained more fully below, the magistrate reaches the following conclusions: (1) that the court may consider in mandamus the issue of whether the commission properly exercised continuing jurisdiction in granting reconsideration, but may not consider all the issues raised by relator; (2) that the commission properly exercised jurisdiction under R.C. 4123.52 because (A) the commission adequately identified the error and provided a meaningful explanation of its rationale, and (B) there was a clear error of law in the SHO order that required correction pursuant to R.C. 4123.52; and (3) that, although there were defects in the orders of March 2001 and August 2001, the defects do not warrant the issuance of a writ by this court.
In regard to the first conclusion, the magistrate observes that this action appears to present an issue of first impression. Although the court in Foster held that the interlocutory order under R.C. 4123.52 was reviewable in mandamus, the court did not address whether that holding would apply when a right-to-participate matter is at issue. The commission makes sound arguments for dismissal, demonstrating inter alia that Foster is distinguishable in several respects. However, the magistrate was ultimately persuaded by the following argument made by relator: that, even though relator may challenge adverse rulings on issues such as the statute of limitations and cause of death in an appeal to the common pleas court, that appeal would not include review of the exercise of jurisdiction under R.C. 4123.52 to reconsider final orders issued in October 2000 and January 2001, leaving relator with no remedy.
At oral argument, respondents presented no authority to establish that, if the commission improperly exercised its reconsideration powers, relator could obtain review of that matter in an appeal under R.C.4123.512. Indeed, respondent Foltz stated that the matter would not be reviewable in an appeal to common pleas court. Accordingly, the magistrate concludes that, because the issue may evade review even with an eventual appeal to the common pleas court, this court may consider the matter in mandamus. In other words, it appears that a statutory appeal would not provide a full and complete review of all issues and would therefore not provide an adequate remedy at law.
Accordingly, the magistrate recommends that the court deny the motion to dismiss filed by respondent commission on November 30, 2001.
Next, in regard to the second conclusion enumerated above, the magistrate finds that the commission adequately identified the error that prompted its exercise of continuing jurisdiction, and it explained its rationale sufficiently. The commission identified the specific errors in the October 2000 order and explained at length why the SHO order was wrong and must be corrected. The commission's order complies with the principles set forth in Foster and Nicholls.
In reaching this conclusion, the magistrate noted that the order challenged in Foster was an interlocutory order referring the matter to be heard — finding a "clear error" but failing to identify it. In contrast, the referral order challenged here did not make any finding of error. In the present action, the commission ordered in March 2001 that the request for reconsideration would be granted or denied pursuant to a hearing and that the commission would consider at the hearing whether to invoke continuing jurisdiction. Following that hearing, the commission issued an order finding an error of law, which it identified and explained. Therefore, neither the March 2001 order nor the August 2001 order violates the principles set forth in Nicholls and Foster.
Next, the magistrate concludes that there was a clear mistake of law in the SHO order that required correction.
In the October 2000 order, the SHO determined that the final order in 1997 precluded further litigation by Frances Foltz. In making that determination, the SHO essentially decided that a 1997 administrative decision would be given preclusive effect against Ms. Foltz — barring her from litigating the question of her statutory rights — regardless of the fact that she had no notice of the proceedings and was given no notice of the decision so that she could exercise her right to appeal to the common pleas court.
The SHO decision was erroneous as a matter of law, and the commission had a legal duty to remedy the error when given prompt notice of it. It is fundamental under our state and federal constitutions that a person's statutory rights cannot be determined without due process of law, and it is equally fundamental that due process includes notice and an opportunity to be heard before one's rights are determined.
Any order of the Industrial Commission or this court, purporting to adjudicate the rights of a party who through no fault of her own was not given notice of the proceedings or the resulting decision, cannot determine the rights of that party. See, generally, State ex rel. Cappella v. Indus. Comm. (July 22, 1999), Franklin App. No. 96AP-1220, unreported (Memorandum Decision); State ex rel. Ruscilli v. Indus. Comm. (Feb. 29, 2000), Franklin App. No. 99AP-1328 (Magistrate's Decision), adopted (Sept. 19, 2000), unreported (Memorandum Decision), appeal dismissed (Sept. 12, 2001), S.Ct. Nos. 00-1942, 00-2191).
In its August 2001 order, the commission cited evidence to support its findings that Frances Foltz had no notice of the proceedings or final order that determined the compensability of her father's death. Relator has not established that these findings are unsupported by sufficient evidence or are otherwise defective. In its order, the commission also stated the following conclusions:
 * * * [T]he Industrial Commission cannot hold that the actions of one claimant can act to bar proceedings by another who had no knowledge of the proceedings brought by the first party, where the parties are adults who have no legal duty of support to each other, and whose interests are, to some extent, adverse.
 Mary Foltz has had notice and hearing on her claim to an award of compensation in consequence of the death of Kenneth Foltz. Frances Foltz has not. The orders disallowing the death claim made by Mary Foltz do not determine the rights of Frances Foltz.
These conclusions of law do not constitute an abuse of discretion or legal error. Although the doctrines of preclusion are applicable in administrative proceedings, see, e.g., State ex rel. Crisp v. Indus.Comm. (1992), 64 Ohio St.3d 507, relator cites no authority for the proposition that those doctrines negate or supersede a person's constitutional right to due process of law. Relator cites no authority establishing that the doctrines of preclusion apply to parties who had no notice or opportunity to be heard in the proceedings that allegedly determined their rights. The SHO order of October 2000 was erroneous as a matter of law.
As to whether the commission properly exercised jurisdiction on reconsideration, the magistrate concludes that it did. Counsel for Ms. Foltz promptly brought to the commission's attention the error in the order of October 2000. The commission has continuing jurisdiction under R.C. 4123.52 to correct mistakes of law, and the October 2000 order was based on legal error. The commission acted promptly and lawfully to correct the mistake.
In sum, the magistrate cannot conclude that the commission lacked authority under R.C. 4123.52 to correct the plain error of law. The commission fully identified the error of law and provided a meaningful explanation of its reasons for exercising continuing jurisdiction, as required by Foster, supra.
The magistrate recognizes that there is no specific statute or regulation that permits a party to file a challenge to a denial of reconsideration. However, the commission has inherent power to correct its orders within a reasonable period of time, Gatlin, supra, and it was appropriate for the commission to grant a meritorious second request for reconsideration to correct a clear error of law.
In regard to the third conclusion enumerated above, the magistrate acknowledges that the orders of March 2001 and October 2001 have defects, but concludes that these defects do not require the issuance of a writ.
First, in the August 2001 order, the commission correctly noted at the outset that there were two issues being considered, the appeal "filed 12/04/2000" and the request for reconsideration "filed 01/12/2001." The commission recognized that it was reviewing two final orders — not only the October 2000 order, but also the January 3, 2001 order.
However, in the body of its decision, the commission focused on the October 2000 order of the SHO, finding that it contained a clear error that required correction. While that conclusion was proper, the commission did not add a statement along the lines of "and it follows that we erred in failing to grant reconsideration in the first place in January 2001." In short, in its order of August 2001, the commission, after finding clear error in the SHO order of October 2000, should have added a statement that it was also mistaken in denying reconsideration in its order of January 3, 2001.
Although this court could issue a writ directing the commission to amend its August 2001 order to add such a statement, a writ appears unnecessary. In the August 2001 order, the commission not only identified, explicitly, the two orders at issue (both the October 2000 order and the January 3, 2001 order), but it also stated explicitly that the October 2000 order was erroneous. By clear implication, the commission necessarily found that it was mistaken when it initially denied reconsideration. The commission's focus was on the substantive errors in the October 2000 order, which required extensive analysis, and on the additional issues raised by claimant's motion, which also required detailed discussion. In sum, the omission in the October 2001 order — the commission's failure to state explicitly that the initial denial of reconsideration was a mistake — does not warrant a writ of mandamus.
The second defect is in the referral order of March 2001. As stated above, the commission was within its discretion to hold a hearing before deciding whether to grant or deny claimant's request for reconsideration. However, until it identified an error, it should not have modified any prior orders. The commission should not have purported to vacate the order of January 3, 2001, in its referral order. However, it is clear that the commission, in the July 2001 hearing, considered the January 2001 order to be under scrutiny as well as the October 2000 order. By making clear that it would be determining whether the January 2001 denial of reconsideration should be upheld, the commission corrected any error in the interlocutory order of referral. Moreover, given that the commission had a legal duty to correct the clear error in the SHO order, and given that the commission would have to perform that duty in any further proceedings ordered by this court, the magistrate finds that a writ requiring such amendments to the orders would be meaningless, because the amendments would not change the result.
Finally, the magistrate concludes that the issue of whether Frances Foltz's claim was or was not barred by R.C. 4123.84(A) is not properly before the court at this time. That issue may be reviewed in due course in a statutory appeal to the common pleas court, if the commission allows Ms. Foltz's claim.
The magistrate notes that, rather than "deny" the requested writ in part, the court may dismiss the complaint in part, thus granting in part respondent's motion to dismiss filed in November 2001.
Last, the magistrate recognizes the potential for contradictory administrative orders if a hearing officer should allow Frances Foltz's claim for death benefits in regard to her father's death; there is already an administrative order finding that his death was not caused by the industrial injury. Given Ms. Foltz's apparent statement to the SHO that she has no further medical evidence to submit, it seems unlikely that the pending hearings will yield a different result. However, it could happen, and the result would be a troublesome anomaly. Perhaps it would have been more appropriate for the commission to provide a remedy that would merely have given Frances Foltz formal notice, now, of the 1997 decision so that she could file an appeal to the common pleas court, avoiding any potential for contradictory orders in the commission. However, given the constitutional basis of the commission's decision — that the 1997 order could not bar Ms. Foltz's claim because she had no opportunity to be heard administratively — it was reasonable for the commission to afford her a full opportunity to be heard administratively. In this regard, the magistrate notes that Mary Foltz, the widow-claimant, waived her right to appeal to the common pleas court.
In summary, the magistrate recommends that the court deny the motion to dismiss filed by respondent commission on November 30, 2001. The magistrate further recommends that the court deny the requested writ of mandamus because the employer has not met its burden of proving that the commission improperly exercised its jurisdiction under R.C. 4123.52, nor has relator demonstrated that it lacks an adequate remedy at law in regard to any error by the commission under R.C. 4123.84.