DECISION
{¶ 1} Relator, Steve Romans, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying permanent partial disability ("PPD") compensation and to issue an order granting the requested compensation.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant a limited writ returning this matter to the commission to vacate the order of the staff hearing officer ("SHO"), to set a new hearing on the merits, and to issue an order granting or denying the application for PPD compensation on its merits. (Attached as Appendix A.) The commission and The Elder Beerman Stores Corp. (sometimes referred to individually as "Elder Beerman"), respondents, have filed objections. We will address the objections together.
 {¶ 3} Respondents first argue that relator has an adequate remedy at law, and, thus, mandamus relief is not appropriate. Specifically, respondents assert that a decision by the commission barring a claim pursuant to the statute of limitations found in R.C. 4123.52 is a "right to participate" issue, not an "extent of disability" issue, and is appealable only to the court of common pleas. We disagree. R.C. 4123.512(A) provides that a claimant or an employer may appeal an order of the commission other than a decision as to the extent of disability to a court of common pleas. The Ohio Supreme Court has attempted to clarify the definitions of right-to-participate claims and extent-of-disability decisions. A "claim" refers to "the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease." Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, 239. A "right to participate" signifies the finalization of an allowance or disallowance of an employee's workers' compensation claim by the commission. State ex rel. Evans v. Indus. Comm. (1992), 64 Ohio St.3d 236, paragraph one of the syllabus. The Ohio Supreme Court has recently expounded on the definition of the right to participate and has held that "[t]he only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." State ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, 279. The court in Liposchak again emphasized that under its most recent precedent, "any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." Id. at 280.
 {¶ 4} If a claimant does establish her right to participate, the claimant may then attempt to establish the "extent of the disability," which becomes a question of how much the fund must pay. Zavatsky v. Stringer (1978), 56 Ohio St.2d 386, 396. In other words, once a right to participate is established by the commission, any further determination as to the computation of a workers' compensation award payable for that specific injury reflects the extent of a disability and is not appealable. State ex rel. Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94; Zavatsky, supra; Martin v. Louisiana-Pacific Corp. (1996),113 Ohio App.3d 332, 336. Thus, "no subsequent rulings, except a ruling that terminates the right to participate, are appealable" to a common pleas court if the commission has established a right of participation. Felty, at paragraph two of the syllabus.
 {¶ 5} In the present case, we must examine the progression of events. Relator sustained an industrial injury and filed a workers' compensation claim with Elder Beerman on November 24, 1992. Elder Beerman recognized the claim in 1992, made medical payments up to and including 1999, and later specifically indicated to the commission in February 1999 that it had certified the claim. Thus, Elder Beerman granted relator's right to participate in the State Insurance Fund based upon this claim. Elder Beerman never contested relator's ability to participate in the fund; Elder Beerman contested only relator's March 1999 application for determination of percentage of PPD, which the SHO concluded was barred by the statute of limitations. In other words, the SHO's determination was not on a right-to-participate issue because relator's right to participate for his industrial injury had already been finally determined. Instead, any allowance of compensation for PPD or determination of percentage of PPD, which was derived from the already allowed claim, concerned the amount of recovery to which relator was entitled. There was no dispute that relator's injury occurred in the course of and arose out of his employment, and there was no request for any new allowance. See Liposchak, supra. Thus, the appeal was based upon an "extent of disability" decision by the commission. Consequently, the common pleas court would not have jurisdiction to consider the present action pursuant to R.C. 4123.512(A).
 {¶ 6} Elder Beerman argues that the Ohio Supreme Court's decision in State ex rel. Hinds v. Indus. Comm. (1999), 84 Ohio St.3d 424 supports its argument that mandamus is inappropriate in the present case. In Hinds, the court held that "where the commission, as here, has ruled that further participation is barred by R.C. 4123.52's statute of limitations, that decision must be challenged by way of appeal." Id. at 425. However, we agree with the magistrate's analysis distinguishing the present case from Hinds. We agree that a close reading of the language in the commission's order in the current case reveals that it did not fully extinguish relator's claim. The commission's order stated that it lost continuing jurisdiction to consider only relator's application for determination of percentage of PPD and any other application for compensation; the order did not indicate that relator's claim for medical payments was also extinguished. Indeed, the medical payment ledger indicates that Elder Beerman continued to pay medical expenses into 1999. In contrast, in Hinds, the commission barred all further claims and participation in the fund by relator as a result of R.C. 4123.52's statute of limitations. Therefore, we find that the commission's order did not fully extinguish relator's right to participate in the fund and Hinds is distinguishable. Thus, the issue before us is an extent-of-disability issue, and mandamus relief was the appropriate avenue to contest the commission's order. Respondents' objection is overruled.
 {¶ 7} Respondents next argue that the magistrate erred in finding that the commission abused its discretion in applying the statute of limitations contained in the former version of R.C. 4123.52, instead of applying the statute of limitations found in the current R.C. 4123.52. Former R.C. 4123.52 provided that there could be no award on any claim after six years from the date of injury in the absence of the payment for compensation for total disability or wages in lieu of compensation. Current R.C. 4123.52, which was amended in 1993 by H.B. No. 107, provides that there can be no award after six years from the date of injury in the absence of the payment of medical benefits, in which event the award shall be made within six years after the payment of medical benefits. Thus, because relator's injury occurred in 1992 and he received only medical benefits into 1999, his application for a determination of percentage of PPD is barred if the former version of R.C. 4123.52 is applicable.
 {¶ 8} H.B. No. 107 required that its amendments be applied to all workers' compensation claims filed on or after its effective date and to all claims "pending" on the effective date. We believe that the word "pending" refers to workers' compensation cases that had not yet been completely terminated and extinguished. In the present case, there had been no final resolution of relator's workers' compensation claim. He continued to receive medical benefits well past the effective date of H.B. No. 107 in 1993. Because his allowed claim was continuing and still open to further benefits and compensation at the time of the effective date of the H.B. No. 107 amendments, we agree with the magistrate that his claim was still "pending" at the time of the amendment, and the commission should have applied the post-H.B. No. 107 version of R.C.4123.52.
 {¶ 9} We find State ex rel. Kilbane v. Indus. Comm. (2001),91 Ohio St.3d 258 instructive. In Kilbane, the claimant was injured in 1991 and in 1997 moved for a settlement hearing, which had been permitted by the pre-H.B. No. 107 version of R.C. 4123.65 in effect at the time of her injury. She asserted that the former version of R.C. 4123.65 applied because the law in force on the date of her injury governed not only her right to workers' compensation, but also the procedural steps through which she pursued her right to that compensation. The Ohio Supreme Court agreed that entitlement to workers' compensation, being a substantive right, was measured by the statutes in force on the date of injury, citing State ex rel. Brown v. Indus. Comm. (1993), 68 Ohio St.3d 45, 46. However, the court pointed out that the same was not true for remedial and procedural laws affecting only the enforcement of that right, and found that the settlement hearing provisions in former R.C. 4123.65 were remedial and procedural in nature. Thus, the court concluded that the post-H.B. No. 107 version of R.C. 4123.65 applied to the claimant's motion for settlement hearing, even though her original injury occurred prior to the effective date of H.B. No. 107. In finding such, the court indicated that express legislative intent for retroactivity of H.B. No. 107 was obvious here because uncodified law makes the 1993 amendment of R.C.4123.65 applicable to all "pending" claims for compensation. The court found that the word "pending," as used in H.B. No. 107, indicates the legislative intent to make the amendments of H.B. No. 107 applicable to causes of action that arose prior to the effective date of the statute.
 {¶ 10} The same analysis can be used with regard to the statute of limitations at issue in the present case. Like the settlement-hearing provisions at issue in Kilbane, statutes of limitations are regarded as "procedural," non-substantive in nature, and "remedial." See Gregory v. Flowers (1972), 32 Ohio St.2d 48, 53. We agree with the magistrate that statutes of limitations affect the enforcement of a claimed right and do not change the substantive law. Thus, even though relator's injury occurred prior to the amendments in 1993, because the statute of limitations provisions in R.C. 4123.52 are remedial and procedural in nature, the version of R.C. 4123.52 in force at the time of relator's application in 1999 is applicable.
 {¶ 11} Elder Beerman cites Ellis v. General Elec. Co. (Sept. 29, 2000), Hamilton App. No. C-990775. In Ellis, the Hamilton County Court of Appeals applied the statute of limitations contained in former R.C. 4123.52
to an application for permanent total disability filed after the 1993 effective date of the current R.C. 4123.52, even though the injury occurred prior to the effective date. However, this decision from Hamilton County is not controlling upon this court. Further, it does not appear that the issue was specifically raised by the parties, and the court did not do any analysis of the issue. The court in Ellis simply applied the former statute without comment. We do not find Ellis compelling. Therefore, this objection is without merit.
 {¶ 12} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of the commission's and Elder Beerman's objections, we overrule the objections and find that the magistrate sufficiently discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and grant a limited writ of mandamus returning this matter to the commission to vacate the order of the SHO, to set a new hearing on the merits, and to issue an order granting or denying the application for PPD compensation on its merits.
Objections overruled; limited writ granted.
PETREE, J., concurs.
DESHLER, J., concurs in judgment only.
 APPENDIX A IN MANDAMUS {¶ 13} Relator, Steve Romans, filed this original action in mandamus asking the court to issue a writ compelling respondent Industrial Commission of Ohio to vacate its order denying compensation for permanent partial disability ("PPD") and to issue an order granting the requested compensation.
Findings of Fact:
 {¶ 14} On November 17, 1992, Steve Romans ("claimant") sustained an industrial injury. On November 24, 1992, he filed a workers' compensation claim with his self-insured employer.
 {¶ 15} The employer recognized the claim and made yearly payments for claimant's medical care, to and including 1998.
 {¶ 16} In December 1998, claimant filed a request with the Bureau of Workers' Compensation to assign a claim number to his workers' compensation claim.
 {¶ 17} In January 1999, the bureau assigned claim number 92-303441, and sent a letter to the employer inquiring whether it recognized the claim. The employer responded in February 1999, stating that it certified the claim.
 {¶ 18} In March 1999, claimant applied for determination of percentage of PPD.
 {¶ 19} In May 1999, the employer sent a letter to claimant's counsel explaining that the claim had been recognized for "723.30 Cervicobrachial syndrome, 846.0 lumbosacral sprain/strain, 839 Dislocation, thoracic vertebra; closed, and 724.2 Lumbago."
 {¶ 20} Three medical reports were filed: Dr. Nancy Renneker assessed 13% impairment; Dr. Mark Weaver assessed 5% impairment; and Dr. Michael Lefkowitz assessed a 6% impairment on behalf of the employer.
 {¶ 21} In August 1999, the matter was heard by a district hearing officer, who found 9% PPD and awarded compensation.
 {¶ 22} On reconsideration in September 1999, a staff hearing officer concluded that claimant's request for PPD compensation was barred by the statute of limitations:
 *** [C]laimant's application for determination of percentage of permanent partial disability filed March 19, 1999, is dismissed for the reason the Industrial Commission has lost continuing jurisdiction to consider it or any other application for co[mpens]ation filed after November 17, 1998 by operation of the language of Revised Code Section 4123.52 as it read on the date of claimant's injury. No compensation has ever been paid in this claim. Over six years have passed since the date of injury.
Conclusions of Law:
 {¶ 23} The issues before this court are purely legal. Claimant questions whether the commission lawfully applied former R.C. 4123.52 in addressing his request for PPD compensation. However, respondents argue that, because claimant could have appealed the denial of PPD compensation to the common pleas court under R.C. 4123.512, he cannot seek relief in mandamus.
 {¶ 24} In regard to the first issue, the magistrate concludes that the commission abused its discretion in its application of R.C. 4123.52. Since October 20, 1993, R.C. 4123.52 has provided as follows:
 No *** finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the *** finding, or award shall be made within six years after the payment of medical benefits.
 {¶ 25} In H.B. 107 (the bill amending various workers' compensation statutes in 1993 including R.C. 4123.52), the legislature required that its amendments be applied to all workers' compensation claims filed on or after the effective date and to all claims pending on the effective date. The bill's language evinces the legislature's purpose that the amendments to R.C. 4123.52 would apply at the very least to requests for compensation filed in 1999.
 {¶ 26} The specific question presented is whether the commission abused its discretion in applying former R.C. 4123.52, under which payments for medical benefits do not serve to keep a claim active. Prior to October 20, 1993, R.C. 4123.52 provided:
 No *** findings or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation ***.
 {¶ 27} The Ohio Supreme Court and this court have concluded, in a variety of contexts, that other 1993 amendments in H.B. 107 apply to motions for compensation filed after October 20, 1993, and also apply to awards granted after October 20, 1993, even where the date of injury was prior to the effective date of the statute. See, generally, State ex rel. Kilbane v. Indus. Comm. (2001), 91 Ohio St.3d 258; State ex rel. Menough v. Indus. Comm., Franklin App. No. 01AP-1031, 2002-Ohio-3253; State ex rel. Abate v. Indus. Comm. (2000), Franklin App. No. 00AP-849; State ex rel. Burns v. Ameritech Services (1999), Franklin App. No. 98AP-1000; State ex rel. Farwick v. Hoover Co. (1999), Franklin App. No. 97AP-1708; State ex rel. Hoover Co. v. Indus. Comm. (1998), Franklin App. No. 97AP-1365; State ex rel. Cable v. Montgomery Cty. Personnel (1996), Franklin App. No. 95AP-737.
 {¶ 28} Here, claimant filed his PPD application in 1999, long after the 1993 amendment took effect. Based on all the facts, the magistrate finds no basis for the commission to apply the former statute in effect on the date of injury. A limitations period is a procedural bar that is unrelated to the merits of the compensation request and does not govern the amount or type of disability compensation that may be awarded. The amendment of R.C. 4123.52 affected the enforcement of a claimed right and did not change substantive PPD law. See, generally, Kilbane, supra. Therefore, the commission was required to apply the law in force at the time of filing the application. The commission abused its discretion in applying a law that was no longer in effect.
 {¶ 29} In short, under these circumstances, the magistrate concludes that the commission was required to apply R.C. 4123.52 as amended in 1993. Under that law, the subject application was made within six years after payment of medical benefits in 1998, and thus was not barred.
 {¶ 30} Next, the magistrate addresses respondents' argument. Based on two lines of reasoning, the magistrate rejects the argument that this court lacks jurisdiction in mandamus to review the denial of PPD compensation. First, the commission's decision involved a denial of disability compensation and did not serve to finalize the allowance or disallowance of a claim to participate for a particular allowed condition. Second, the magistrate focuses on the employer's payments of medical benefits each year following the accident and, more importantly, on the employer's formal certification of the claim to the bureau in 1999.
 {¶ 31} In Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234
(syl. at par. 1), the court stated:
 *** A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's `claim.' The only action by the commission that is appealable under R.C. 4123.519 [now R.C. 4123.512] is this essential decision to grant, to deny, or to determine the employee's participation or continued participation in the system. (Id. at 239.)
Therefore, where the commission allowed or disallowed a medical condition, or where it completely extinguished (or refused to extinguish) a claim that had previously been recognized, the commission's decision may be appealed under R.C. 4123.512 regardless of whether the decision was based on jurisdictional grounds or substantive grounds relating to the merits. See, e.g., State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281, 284 (stating that when the commission denies allowance of a condition on jurisdictional grounds, the administrative decision is appealable to the common pleas court); State ex rel. Hinds v. Indus. Comm. (1999), 84 Ohio St.3d 424 (where the commission determined that a claim had completely lapsed so that not even medical bills could be paid, the claimant had completely lost the right to participate and the decision was appealable to the common pleas court).
 {¶ 32} In the present action, however, the commission's order on its face did not purport to extinguish the claim or negate claimant's right to participate. In its order, the commission specifically ruled that PPD compensation was barred, and it also reached out to note that any other type of disability compensation was barred as well. Specifically, the commission stated that it had no jurisdiction to consider PPD or any other application for compensation. Having reached out to identify the issues that were also precluded, the commission notably omitted any reference to medical care. The order plainly left open the question of payments for medical benefits. Thus, the order was not viewed by the commission (rightly or wrongly) as completely extinguishing the claim.
 {¶ 33} In sum, the order essentially states that any future requests for determination of extent of disability is barred, but it does not purport to determine that the claim as a whole was extinguished. Accordingly, the order was not appealable under R.C. 4123.512 and can be reviewed in mandamus under Felty and the cases cited therein.
 {¶ 34} In the alternative, the magistrate concludes that the facts and procedural history in this action distinguish it from the cases cited by respondents in which a limitations period was found to extinguish completely a claimant's right to participate for a particular medical condition. Here, the self-insured employer paid medical benefits yearly, indicating that the claim remained active, but more importantly, the employer formally certified the claim in February 1999. The 1999 certification fairly constituted a formal recognition that the claim was active and/or constituted an agreement by the self-insured employer to re-activate the claim. See, generally, State ex rel. Baker Material Handling Corp v. Indus. Comm. (1994), 69 Ohio St.3d 202.
 {¶ 35} The magistrate recommends that the court grant a limited writ returning this matter to the commission to vacate the order of the staff hearing officer, to set a new hearing on the merits, and to issue an order granting or denying the application for PPD compensation on its merits.