THE STATE EX REL. LANTZ, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Lantz v. Indus.
Comm.* (1993), 66 Ohio St.3d 29.]

(No. 92–1418—Submitted January 5, 1993—Decided February 24, 1993.)

*R.E. Goforth Co., L.P.A.,* and *Terrance J. McGonegal,* for appellant.

*Lee I. Fisher,* Attorney General, *Cordelia A. Glenn* and *Gerald H. Waterman,* Assistant Attorneys General, for appellee Industrial Commission.

*Vorys, Sater, Seymour & Pease* and *Steven M. Loewengart,* for appellee E.G. Smith Construction Products, Inc.

---

*Per Curiam.* Claimant contends that the appellate court erred in dismissing his complaint. He also claims that due process was violated by the appellate court. We disagree with both assertions and affirm the judgment of the court of appeals.

Claimant's due-process argument is apparently twofold—that he was denied the opportunity to seek summary judgment and that the appellate court erroneously disposed of the case on Civ.R. 12(B)(6) grounds. Both acts, claimant urges, deprived him of notice and an opportunity to be heard. This argument lacks merit.

Claimant initially contends that the denial of his leave to file summary judgment eliminated his "right to participate" in summary judgment proceedings. Contrary to claimant's representation, however, he has no *right* to file a motion for summary judgment. Ohio Civ.R. 56 permits a motion for summary judgment "only with leave of court" if the case has been set for trial or pretrial, and not as a matter of course. Claimant, moreover, was not excluded from summary judgment participation. Claimant filed both a response to appellees' joint motion for summary judgment and objections to the referee's report.

Claimant also opposes, on due-process grounds, the appellate court's decision to sustain appellees' Civ.R. 12(B)(6) motion, arguing that "[t]he referee never authorized the dismissal motion nor gave actual notice to the relator so he could respond." This argument is unconvincing since a dismissal motion, unlike that for summary judgment, does not require leave of court. It is also unclear as to what notice claimant believes he was entitled to. Claimant responded to the summary judgment portion of appellees' "Joint Motion to Dismiss or, in the alternative, Motion for Summary Judgment," so he knew that the dismissal motion was also awaiting disposition. Claimant could have opposed the 12(B)(6) motion when he challenged summary judgment, but chose not to do so.

We also affirm the appellate court's dismissal of claimant's action as being premature. At this point, claimant's ability to establish a *clear* legal right to relief is compromised by his inability to demonstrate any loss. In this case, the commission's reconsideration order effectively continued permanent-total-disability benefits pending a merit reconsideration of his application, pursuant

to *Noll, supra.* Since no deprivation has yet occurred, there is nothing from which claimant can seek relief. If the commission ultimately denies permanent-total-disability benefits, then a mandamus review of the commission's continuing jurisdiction to reconsider may be appropriate.

For the reasons set forth above, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.