[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 320.]

THE STATE EX REL. FOSTER *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Foster v. Indus. Comm*., 1999-Ohio-461.]

*Workers' compensation—Award of permanent total disability compensation by Industrial Commission—Action in mandamus and prohibition by claimant to stop commission from reconsidering claimant's eligibility for permanent total disability compensation—Writs allowed, when.*

(No. 98-1907—Submitted January 12, 1999—Decided April 14, 1999.)

IN MANDAMUS and PROHIBITION.

———————————

{¶ 1} Respondent Industrial Commission of Ohio awarded relator-claimant Mary L. Foster permanent total disability ("PTD") compensation based on "the reports of W.S. Bolz, M.D.," and the following analysis:

"Claimant was examined on 07/12/1994 by W. Scott Bolz, M.D., an Orthopedic Surgeon.  Dr. Bolz concluded the claimant is incapable of all forms of sustained remunerative employment whatsoever as a consequence of the allowed conditions in his industrial claim.  This finding is adopted by the Staff Hearing Officer.  Such a finding mandates an award of permanent total disability compensation without consideration of the 'Stephenson' factors."

{¶ 2} Respondent-employer White Consolidated Industries, Inc. moved for reconsideration.  The staff hearing officer on September 2, 1998 wrote:

"The Employer's request for reconsideration * * * is referred to the Commission * * *.  The questions to be heard are the Employer's request for the Commission to exercise continuing jurisdiction * * * and the Claimant's Application (IC-2) for Compensation for Permanent and Total Disability * * *.

"Section 4123.52 of the Ohio Revised Code provides that the jurisdiction of the Industrial Commission over each case is continuing, and the Commission may

make such modification or change with respect to the former findings or orders with respect thereto, as, in its opinion, is justified.

"It is the finding of the Industrial Commission that the Employer has presented probative evidence of a clear mistake of fact and of law in the order from which reconsideration is sought.

"The order of the Staff Hearing Officer issued July 16, 1998, remains in full force and effect until such time as the Members of the Commission hear the above issues and publish a final order.

"This order is issued pursuant to *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454 [692 N.E.2d 188] * * *."

**{¶ 3}** Claimant has commenced an original action in mandamus and prohibition to stop the commission from reconsidering her eligibility for PTD compensation. Respondents have responded with motions to dismiss.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for relator.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for respondent Industrial Commission.

*Baran, Piper, Tarkowsky, Fitzgerald & Theis Co., L.P.A.*, and *John Tarkowsky*, for respondent White Consolidated Industries.

_____

*Per Curiam.*

**{¶ 4}** The commission asserts that the September 2, 1998 order did not grant reconsideration. It essentially claims that the order merely "decided to decide" whether to reopen claimant's eligibility for PTD compensation. This is not the case, however, as the order clearly sets claimant's application for PTD compensation for reconsideration. The question thus becomes whether, in so doing, the commission properly exercised continuing jurisdiction.

**{¶ 5}** Continuing jurisdiction is proper when an order contains an obvious mistake of fact or law. *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; *State ex rel. B&C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. Discussing this prerequisite, we recently found an abuse of discretion where reconsideration was granted "based on the possibility of error in the previous Industrial Commission order." We reasoned:

"There is also no *clear* error of any kind. The reconsideration order cites only the *possibility* of error, and an unspecified error at that.

"Our approval of the staff hearing officers' order on reconsideration would effectively give the commission unrestricted jurisdiction. Error is always possible, and its existence cannot be refuted when the commission is not made to reveal what the perceived error is. We find, therefore, that the mere possibility of unspecified error cannot sustain the invocation of continuing jurisdiction." (Emphasis *sic*.) *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 459, 692 N.E.2d 188, 192.

**{¶ 6}** In this case, the commission abandoned conjecture and found that there was error. But, again, it does not identify the error. Thus, despite any "improvement" in the order's language, it still defies the spirit of *Nicholls. Nicholls* recognized that the propriety of continuing jurisdiction cannot be evaluated if the commission does not reveal, in a meaningful way, why it was exercised. In this instance, as in *Nicholls*, claimant cannot refute the allegation of error without knowing what the alleged mistake is. Saying that an error is "real" as opposed to "possible" is equally hollow if there is no way to test the legitimacy of the assertion.

**{¶ 7}** The commission alternatively alleges that claimant's cause of action is premature, since it continued PTD compensation pending reconsideration. In support, it cites *State ex rel. Lantz v. Indus. Comm.* (1993), 66 Ohio St.3d 29, 607 N.E.2d 456. There, the commission awarded PTD compensation but then granted

the employer's motion for reconsideration after conceding that evidentiary requirements were not satisfied. Claimant's mandamus action was met with motions for summary judgment and dismissal. Claimant responded to the former but not the latter, and the motion to dismiss was sustained.

{¶ 8} Claimant appealed here. After rejecting claimant's arguments, we added:

"We also affirm the appellate court's dismissal of claimant's action as being premature. At this point, claimant's ability to establish a *clear* legal right to relief is compromised by his inability to demonstrate any loss. In this case, the commission's reconsideration order effectively continued permanent-total-disability benefits pending a merit reconsideration of his application, pursuant to [*State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245]. Since no deprivation has yet occurred, there is nothing from which claimant can seek relief. If the commission ultimately denies permanent-total-disability benefits, then a mandamus review of the commission's continuing jurisdiction to reconsider may be appropriate." (Emphasis *sic*.) *Id*. at 31-32, 607 N.E.2d at 458.

{¶ 9} The commission's reliance on *Lantz* is misplaced. *Lantz* was never intended to excuse the improper exercise of continuing jurisdiction. Where continuing jurisdiction is improperly exercised and a party is forced to needlessly relitigate an issue, that party has been adversely affected. *Lantz* cannot be used to shield the commission where it has exercised continuing jurisdiction based on error that it declines to identify.

{¶ 10} We accordingly overrule the motions to dismiss, issue a writ of mandamus, and order the commission to vacate its September 2, 1998 order. We also issue a writ of prohibition to prevent the commission from proceeding with the reconsideration generated by the September 2, 1998 order.

*Writs allowed*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., would grant a writ of prohibition only.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 11} I respectfully dissent. The September 2, 1998 order is not a final order subject to mandamus, and the claimant is not facing an actual loss that can be prevented only by a writ of prohibition. Therefore, I would grant the motions of White Consolidated and the Industrial Commission to dismiss the complaint.

{¶ 12} The September 2, 1998 order is an interlocutory order that does not grant reconsideration. The order sets for hearing the issue of whether the Industrial Commission may exercise continuing jurisdiction in this matter. Although the order states that the claimant's IC-2 application is also to be heard, rehearing on the merits is, of course, conditional upon the question of jurisdiction.

{¶ 13} The interlocutory nature of the September 2, 1998 order is also apparent from the lack of any findings of error in the prior order of July 16, 1998, and from the continuation of PTD benefits to the claimant. The majority criticizes the language in the order, claiming that the commission found real error but failed to identify it. However, the order states only that the commission found that the employer presented "probative evidence of a clear mistake of fact and of law." The commission made no independent findings of error with respect to the prior order.

{¶ 14} Furthermore, because claimant's PTD benefits continued, she suffered no loss as a result of the September 2, 1998 order. She is unable to meet all the criteria necessary for issuance of a writ of prohibition because she cannot prove that refusal to issue the writ would result in injury to her for which she does not otherwise have an adequate remedy at law.

{¶ 15} Consequently, for the reasons given, I believe this action is improper, premature, and subject to dismissal.

_____