DECISION
Relator, Dennis R. Caudill, has filed this original action requesting this court to issue a writ of mandamus and/or prohibition ordering respondent Industrial Commission of Ohio ("commission") to: (1) vacate its order setting a hearing on an application for reconsideration and a tentative hearing on a motion to terminate compensation for permanent total disability ("PTD"), and (2) to issue a new order in compliance with applicable law.
This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On December 10, 2001, the magistrate issued a decision, including findings of fact and conclusions of law, and recommended this court decline to issue a writ stopping the scheduled hearing on the issue of whether to grant the application for reconsideration. The magistrate also recommended this court issue a limited writ prohibiting the commission from proceeding immediately to a hearing on the merits if it decided to grant the application for reconsideration. (Attached as Appendix A.) Relator has filed one objection and the commission has filed two objections to the magistrate's decision.
Relator argues in his objection that the commission lacks continuing jurisdiction to reconsider the Staff Hearing Officer's ("SHO") May 4, 2001 order. Relator claims the magistrate's decision permits the commission to accept and undertake continuing jurisdiction in the absence of a proper request for reconsideration.
Continuing jurisdiction cannot be exercised indiscriminately. State ex rel. Royal v. Indus. Comm. (2002), 95 Ohio St.3d 97, 99. Continuing jurisdiction is not unlimited, and its prerequisites are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by inferior tribunal. State ex rel. Nicholls v. Indus. Comm. (1998), 81 Ohio St.3d 454, 458. Continuing jurisdiction cannot be evaluated if the commission does not reveal in a meaningful way why it was exercised. State ex rel. Foster v. Indus. Comm. (1999),85 Ohio St.3d 320, 322.
In the present case, the commission stated in its order that a hearing would be held because the administrator "has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration." The purpose of the hearing was to determine whether the commission had continuing jurisdiction and "[i]f authority to invoke continuing jurisdiction is found, the Industrial Commission will address the merits of the underlying issues."
In Royal, supra, the Ohio Supreme Court addressed issues similar to the issues raised in relator's objection. A bifurcated hearing was held in which the commission addressed the propriety of a motion for reconsideration based upon continuing jurisdiction and the merits of the claimant's permanent total disability claim. The Ohio Supreme Court stated:
 Identification of error after reconsideration does allow a reviewing court to adjudicate the propriety of the commission's invocation of continuing jurisdiction. It does little to help the party opposing the motion, since it comes too late to allow a meaningful challenge to reconsideration at the administrative level. Id. at 100. (Emphasis sic.)
After applying the principles of Royal to the present case, we find that it would have been improper for the commission to hold a hearing to determine whether to exercise continuing jurisdiction based upon an order that fails to outline the possible basis for continuing jurisdiction. Relator "cannot refute the allegation of error without knowing what the alleged mistake is." Foster, at 322. Additionally, reliance upon an opposing party's brief for notice of the alleged mistake may not be sufficient. Royal, at 100. Relator's objection is sustained.
The commission argues in its first objection that the magistrate should have dismissed relator's petition for a writ of mandamus and/or prohibition. The commission contends that relator failed to state a claim upon which relief could be granted because the commission's order setting a hearing to determine a jurisdictional issue is interlocutory and is not a final commission order. However, in Foster, the Ohio Supreme Court issued a writ of prohibition preventing the commission from proceeding after it improperly exercised continuing jurisdiction in an interlocutory order. Additionally, using the reasoning of Royal, a writ of mandamus is proper in the present case because later identification of the error used as the basis for invoking continuing jurisdiction "comes too late to allow a meaningful challenge to reconsideration at the administrative level." Royal, at 100. The commission's first objection is overruled.
Accordingly, we sustain relator's objection and grant his request for a writ of mandamus. The commission's first objection is overruled. Because of our disposition of relator's objection, it is unnecessary for us to address the commission's second objection regarding whether the magistrate erred in recommending that a limited writ of mandamus be issued. We adopt the magistrate's findings of fact, but do not adopt the magistrate's conclusions of law.
Objections sustained in part and overruled in part; writ granted.
BOWMAN, J., concurs.
BRYANT, J., dissents.