THE STATE EX REL. HOLDREN, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Holdren v. Indus. Comm.,*
105 Ohio St.3d 291, 2005-Ohio-1734.]

(No. 2004–0307—Submitted January 11, 2005—Decided April 27, 2005.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Joseph R. Holdren, was awarded permanent total disability compensation ("PTD") in 1987. In 1999, the Bureau of Workers' Compensation received a tip that claimant was working. A bureau investigation substantiated that allegation.

{¶ 2} In October 2001, the bureau moved appellee, Industrial Commission of Ohio, to terminate PTD, declare an overpayment from December 12, 1997, and make a finding of fraud. On March 29, 2002, a staff hearing officer ("SHO") granted that motion in part. He terminated PTD and declared an overpayment as of July 12, 2000, finding no evidence of activities inconsistent with PTD prior to that date. He also found no evidence of fraud.

{¶ 3} The bureau moved for reconsideration. In an interlocutory order mailed June 8, 2002, the commission found:

{¶ 4} "[The bureau] has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration regarding the alleged presence of a clear mistake of fact in the order from which reconsideration is sought and a clear mistake of law of such character that remedial action would clearly follow:

{¶ 5} "Specifically, the Staff Hearing Officer did not explain the reasons for rejecting the evidence that the injured worker knew he could not work and receive permanent total disability.

{¶ 6} "Based on these findings, the Industrial Commission directs that the Administrator's request for reconsideration filed 04/15/2002 is to be set for hearing to determine if the alleged mistake of fact and mistake of law as noted

herein are sufficient for the Industrial Commission to invoke its continuing jurisdiction.

{¶ 7} "In the interests of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Industrial Commission will take the matter under advisement and proceed to hear the merits of the underlying issues. The Industrial Commission will thereafter issue an order on the matter of continuing jurisdiction under Ohio Revised Code 4123.52. If authority to invoke continuing jurisdiction is found, the Industrial Commission will address the merits of the underlying issues."

{¶ 8} On July 9, 2002, after first hearing the merits of the PTD challenge, the commission found that it had continuing jurisdiction:

{¶ 9} "The Industrial Commission finds that the Staff Hearing Officer order contains a clear mistake of law in that the Staff Hearing Officer failed to explain the reason for rejecting evidence that the injured worker knew he could not work and receive permanent and total disability compensation. The Staff Hearing Officer had before him a document signed by the injured worker on 02/06/1998 that stated 'you are not entitled to these payments if you are working. Working includes full or part-time employment.' Despite the existence of this evidence, the Staff Hearing Officer found that the Bureau of Workers' Compensation had not shown that the injured worker knew he could not work and collect permanent total disability, without further explanation. The Staff Hearing Officer did not cite any evidence in support of this finding or explain why the evidence to the contrary was rejected. As a result, the Staff Hearing Officer order clearly violates *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481 [6 OBR 531, 453 N.E.2d 721]."

{¶ 10} The commission then declared both fraud and an overpayment as of December 12, 1997.

{¶ 11} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in its interlocutory order and in allowing reconsideration of the March 29, 2002 SHO order. Analysis quickly centered on the sufficiency of the commission's June 8 interlocutory order. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188, and *State ex rel. Foster v. Indus. Comm.* (1999), 85 Ohio St.3d 320, 707 N.E.2d 1122, require the commission to explain in a meaningful way why continuing jurisdiction is appropriate. The court of appeals held that the commission's order did not do that. However, rather than issue a full writ that vacated the defective orders and reinstated the SHO's order, the court of appeals merely vacated the orders and returned the cause to the commission for further consideration and an amended order.

{¶ 12} This cause is now before this court on appeal as of right.

{¶ 13} Most of the key points in this litigation are not in dispute. Claimant concedes that he is not entitled to further PTD and that some measure of overpayment has occurred. He is concerned only with the declaration of fraud and the starting date of overpayment.

{¶ 14} The commission, in turn, agrees that its interlocutory order did not satisfy *Foster*'s requirement of a meaningful explanation. Consequently, the only issue at bar is whether the court of appeals erred in issuing a limited writ that vacated the offending orders and directed further consideration, rather than a full one that vacated the orders and reinstated the SHO's order. Because we believe that a full writ is warranted, the judgment of the court of appeals is reversed in part.

{¶ 15} The three cases that have defined the commission's duty with respect to the sufficiency of continuing jurisdiction orders have all responded to deficient orders by issuing full writs. *Foster, Nicholls,* and *State ex rel. Royal v. Indus. Comm.* (2002), 95 Ohio St.3d 97, 766 N.E.2d 135, all vacated the noncomplying orders and reinstated the contested merit order. See *Foster,* 85 Ohio St.3d 320, 707 N.E.2d 1122; *Nicholls,* 81 Ohio St.3d 454, 692 N.E.2d 188. We recently reached the same result in *State ex rel. Gobich v. Indus. Comm.,* 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398—a case very similar to that at bar.

{¶ 16} In *Gobich,* as here, the bureau presented evidence that it believed warranted termination of PTD and a declaration of fraud. As in this case, the SHO disagreed with the bureau's interpretation of the evidence and denied the requested relief. This prompted a reconsideration request that the commission ultimately granted on the basis that the SHO's order was based on "clear mistakes of law." We, however, found an abuse of discretion:

{¶ 17} "On close examination, it appears that, regardless of how the bureau tried to characterize it, its complaint with the SHO's order was really an evidentiary one: the bureau produced evidence that it believed established a capacity for sustained remunerative employment, and the SHO found otherwise. *Royal,* however, has specifically stated that a legitimate disagreement as to evidentiary interpretation does not mean that one of them was mistaken and does not, at a minimum, establish that error was *clear.* Id. 95 Ohio St.3d at 100, 766 N.E.2d 135." (Emphasis sic.) *Gobich* at ¶ 17.

{¶ 18} The bureau's reconsideration request in this case was motivated in large part by its objection to the SHO's interpretation of the evidence—i.e., the SHO's failure to view the evidence in the same way as the bureau. In *Gobich,* we did not return the cause to the commission for further consideration, and we decline to do so here. Claimant is correct in characterizing the court of appeals' action as giving the commission a second bite at the apple. The commission had the opportunity—in fact, two opportunities with its June 8, 2002 and July 9, 2002

orders—to justify its exercise of continuing jurisdiction, and it failed. Questions of fairness cannot help but arise when the commission is afforded multiple opportunities to justify a result.

{¶ 19} The judgment of the court of appeals is reversed, and a writ of mandamus is hereby issued that orders reinstatement of the staff hearing officer's order.

Judgment reversed
and writ granted.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL and LANZINGER, JJ., dissent.

***

**O'DONNELL, J., dissenting.**

{¶ 20} Respectfully, I dissent.

{¶ 21} While the majority per curiam opinion cites our recent decision in *State ex rel. Royal v. Indus. Comm.* (2002), 95 Ohio St.3d 97, 766 N.E.2d 135, it nonetheless adopts the claimant's argument that the court of appeals' decision gives the commission "a second bite at the apple." In my view, that is not the standard to apply in considering the proper resolution of these kinds of matters.

{¶ 22} Rather, as set forth in *Royal*, supra, at 99, 766 N.E.2d 135:

{¶ 23} "Reconsideration jurisdiction derives from the commission's general grant of continuing jurisdiction under R.C. 4123.52. Because neither R.C. 4123.52 nor commission resolution R95–1–09 prohibits multiple requests for reconsideration, controversy hinges on the justification for its exercise—here, the nebulous 'possibility of an error.'

{¶ 24} "Continuing jurisdiction cannot be exercised indiscriminately. We have previously enumerated several acceptable bases for its exercise. We have also expressly ruled that 'possibility of error' is not one of them. *Nicholls* [*v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188]; *Foster* [*v. Indus. Comm.* (1999), 85 Ohio St.3d 320, 707 N.E.2d 1122]."

{¶ 25} Unlike *Royal*, in the instant matter, we are not confronted with the mere "possibility of error." Here, Holdren concedes error in that he is not entitled to further PTD compensation and that an overpayment has occurred. What *is* at issue here is whether the commission's order presented a nebulous "possibility of error" or whether this record more specifically describes the error upon which reconsideration jurisdiction should be based.

{¶ 26} My review of the facts in this case indicates that Holdren began receiving PTD benefits on June 17, 1987, and regularly signed statements that he

had not worked since he began receiving such payments. Specifically, the commission found that the evidence presented at the hearing before the staff hearing officer contained a document signed by Holdren acknowledging that he could not receive PTD if he worked. Moreover, Holdren did not contradict this evidence at that hearing. Despite the existence of that evidence, the staff hearing officer ruled that the bureau had failed to demonstrate that Holdren knew he could not both work and collect PTD.

{¶ 27} Thus, this record does not contain the mere possibility of error, which could militate toward the result reached by the majority; rather, the error here is specifically identified and documented and consists of the failure to rule in accordance with the evidence and the law, which is not open to interpretation on appellate review.

{¶ 28} Therefore, in contrast to *Nicholls* and *Foster*, the facts contained in this record provide the prerequisite for the proper exercise of continuing jurisdiction.

{¶ 29} The commission did more than disagree with the interpretation of evidence. It found that the staff hearing officer had failed to explain why evidence of the claimant's knowledge that he could not work and receive PTD compensation had not been considered. The court of appeals correctly vacated that order and directed further consideration on this basis rather than granting a full writ reinstating a defective staff hearing officer order. This is not, as the majority concludes, affording a second bite at the apple, but rather a proper grant of continuing jurisdiction based on effective appellate review. This is an acceptable basis for exercise of such continuing jurisdiction. Accordingly, I would affirm the judgment of the court of appeals.

LANZINGER, J., concurs in the foregoing dissenting opinion.

---

Connor & Behal, L.L.P., Lori M. DiRenzo, Kenneth S. Hafenstein, and Daniel D. Connor, for appellant.

Jim Petro, Attorney General, and Paul H. Tonks, Assistant Attorney General, for appellee.