THE STATE EX REL. SEGEDY, APPELLANT, *v.* ARTS RESIDENTIAL ROOFING;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Segedy v. Arts Residential Roofing*,

107 Ohio St.3d 256, 2005-Ohio-6429.]

*Workers' compensation – R.C. 4123.52 – Continuing jurisdiction of Industrial Commission – Staff hearing officer's failure to identify prerequisite to invoking continuing jurisdiction is mistake of law justifying commission's exercise of jurisdiction to reopen order.*

(No. 2004-2081 — Submitted August 23, 2005 — Decided December 21, 2005.)

APPEAL from the Court of Appeals for Franklin County,

No. 03AP-1235, 2004-Ohio-5945.

_____

**Per Curiam**.

{¶ 1} This is an appeal of a dismissal of a mandamus action on a summary judgment motion. In this case, we affirm the denial of mandamus.

{¶ 2} In 1992, the average weekly wage ("AWW") of appellant-claimant, Allen E. Segedy, was set at $404.08. Dissatisfied with the amount, Segedy unsuccessfully appealed administratively and turned to the Court of Appeals for Franklin County for relief. The court of appeals denied a writ of mandamus, and on July 14, 1994, Segedy's appeal to this court was dismissed. See *State ex rel. Segedy v. Arts Residential Roofing* (1994), 69 Ohio St.3d 1494, 635 N.E.2d 383.

{¶ 3} Over the next several years, Segedy submitted to appellee, Industrial Commission of Ohio, several motions to reset his AWW, including one filed on March 28, 2001, that generated this action. A district hearing officer ("DHO") denied the motion on July 11, 2001, after finding the issue to be res

judicata as a result of Segedy's earlier litigation before this court and the court of appeals.

{¶ 4} On February 7, 2002, a staff hearing officer ("SHO") granted Segedy's appeal and vacated the July 11, 2001 DHO order:

{¶ 5} "The Staff Hearing Officer finds that he has jurisdiction to address the average weekly wage pursuant to ORC 4123.52.

{¶ 6} "The average weekly wage is adjusted to $785.00. This is based upon the $7065.10 claimant earned divided by the 9 weeks claimant worked in the year prior.

{¶ 7} "Recompute prior awards for only two years prior to the date of claimant's application. Awards beyond two years are not included per Hearing Officer Manual Q1."

{¶ 8} Segedy again appealed, objecting not to the amount, but to the SHO's refusal to backdate the AWW to 1992. Further appeal was denied on March 20, 2002.

{¶ 9} Segedy responded with several motions to the commission, seeking to have the new AWW set retroactively to 1992. One of these motions ultimately generated the commission's May 12, 2003 interlocutory order. Besides setting Segedy's most recent appeal for a later hearing, the commission sua sponte decided that the SHO's February 7, 2002 order to increase Segedy's AWW might merit reopening. The commission expressed concern that, in exercising continuing jurisdiction to reset the AWW, the SHO may have committed a mistake of law. The commission, therefore, ordered a hearing to (1) determine whether it had continuing jurisdiction to reexamine the February 7, 2002 decision and (2) if continuing jurisdiction existed, to reexamine the merits of Segedy's AWW, including its commencement date.

{¶ 10} On June 26, 2003, the commission found that it had continuing jurisdiction to reopen the issue of Segedy's AWW amount. It held that the

February 7, 2002 SHO order contained a clear mistake of law because none of the prerequisites for invoking continuing jurisdiction existed. The commission, therefore, reinstated the July 11, 2001 DHO order that established the AWW at $404.08. The balance of Segedy's requested relief was denied. Reconsideration was also eventually denied.

{¶ 11} Segedy filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging an abuse of discretion by the commission. The commission moved for summary judgment, and Segedy answered with a similar motion of his own. The court of appeals, adopting its magistrate's decision, granted the commission's motion. The court of appeals held that the AWW issue became res judicata upon conclusion of Segedy's 1994 action culminating in the dismissal of his appeal to this court. The SHO, the court found, committed a clear mistake of law in his July 7, 2002 order finding that he had jurisdiction to reopen the matter, which, in turn, authorized the commission to exercise its continuing jurisdiction a year later to correct that mistake.

{¶ 12} The cause is now before this court on an appeal as of right.

{¶ 13} Summary judgment is proper when the moving party establishes that (1) no genuine issue as to any material fact exists, (2) the movant is entitled to judgment as a matter of law, and (3) reasonable minds can reach only one conclusion, and that conclusion is adverse to the opposing party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881. Upon review, we find that the court of appeals correctly granted summary judgment in the commission's favor.

{¶ 14} The key issue is whether the SHO properly exercised continuing jurisdiction on February 7, 2002, in resetting Segedy's AWW subsequent to the conclusion of litigation on the same issue in this court. The SHO did not. Continuing jurisdiction can be exercised only if one of the following conditions exists: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact,

(4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 541-542, 605 N.E.2d 372. In addition, the commission must specifically identify the precondition under which it exercised continuing jurisdiction. *State ex rel. Foster v. Indus. Comm.* (1999), 85 Ohio St.3d 320, 707 N.E.2d 1122.

**{¶ 15}** The February 7, 2002 order did not identify which prerequisite existed that justified the invocation of continuing jurisdiction. The exercise of continuing jurisdiction on February 7, 2002, was, therefore, a clear error of law, and the commission's later measures to correct that error were indisputably appropriate.

**{¶ 16}** The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Allen E. Segedy, pro se.

Jim Petro, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee.

_____