DECISION
{¶ 1} Relator, Elizabeth Hackenburg ("relator"), commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its May 23, 2006, order exercising continuing jurisdiction over a February 14, 2006, Staff Hearing Officer's ("SHO") order awarding temporary total *Page 2 
disability ("TTD") compensation, and to enter an order reinstating the February 14, 2006 order of the SHO.
 {¶ 2} Pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that the commission properly exercised its continuing jurisdiction, given the clear mistake of law contained in the SHO's order of February 14, 2006; the mistake being, the SHO's order awarding TTD compensation, despite the SHO's acknowledgement that the C-84s filed in connection with the claim were defective. The magistrate also found that Dr. Martin's report constituted some evidence to support the commission's decision that relator's industrial injury had reached maximum medical improvement ("MMI") as of January 3, 2006. Having determined that the commission did not exceed its continuing jurisdiction nor abuse its discretion, the magistrate recommended that we deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision arguing two points. First, relator submits that the magistrate failed to consider the SHO's finding that she met the requirements for TTD compensation, regardless of any technical defect that may be contained in the C-84s. However, rather than raising a new argument or shedding light on a new angle, relator merely repeats the same argument, based on the same evidence, previously submitted to and considered by the magistrate. The magistrate competently addressed the issue raised by relator, and we decline further review.
 {¶ 4} Second, relator contends the commission abused its discretion when it determined she had reached MMI as of January 13, 2006, based on the report of Dr. *Page 3 
Martin. A review of relator's brief, however, discloses that she failed to raise this issue before the magistrate, and, therefore, it is considered waived. Even if the issue had been preserved, we agree with the magistrate's determination that Dr. Martin's report constituted some evidence upon which the commission could rely.
 {¶ 5} Accordingly, following an independent review, pursuant to Civ.R. 53, we find that the magistrate properly determined the pertinent facts and applied the appropriate law. Relator's objections are overruled. We adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and the requested writ of mandamus is denied.
Objections overruled; writ of mandamus denied.
 SADLER, P.J., and KLATT, J., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION *Page 5 {¶ 6} In this original action, relator, Elizabeth Hackenburg, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its May 23, 2006 order exercising continuing jurisdiction over a February 14, 2006 staff hearing officer's order awarding temporary total disability ("TTD") compensation, and to enter an order reinstating the February 14, 2006 staff hearing officer's order.
Findings of Fact: {¶ 7} 1. On September 7, 2002, relator sustained an industrial injury while employed as a dietary aide for respondent The Bellevue Hospital ("employer"), a self-insured employer under Ohio's workers' compensation laws. On that date, relator slipped and fell on a wet floor. The industrial claim was initially allowed for "fracture right thumb; fracture of right lower humerus; T12 compression fracture; lumbar sprain/strain," and was assigned claim number 02-855518.
 {¶ 8} 2. In May 2005, relator moved for additional claim allowances. Ultimately, following an October 31, 2005 hearing, a staff hearing officer ("SHO") additionally allowed the claim for "herniated discs L4-5 and L5-S1." The SHO disallowed the claim for "degenerative disc disease."
 {¶ 9} 3. In December 2005, relator filed a C-84 request for TTD compensation. The request was supported by a C-84 medical report completed by attending physician Kim E. Knight, M.D., who certified TTD from May 1, 2005 to an estimated return-to-work date of September 26, 2006. On the form, Dr. Knight failed to list the date the C-84 was completed. However, Dr. Knight did list October 10, 2005 as the date of last examination. *Page 6 
 {¶ 10} The C-84 form asks the physician to "List ICD-9 Codes with narrative diagnosis(es) for allowed conditions being treated which prevent return to work." In response, Dr. Knight wrote:
TBTABLE
Herniated Disc 722.2
Degenerative] Disc Disease 722.4
TB/TABLE
 {¶ 11} 4. On January 3, 2006, at the employer's request, relator was examined by Paul C. Martin, M.D., who wrote:
 It is my medical opinion that Ms. Hackenburg has not been temporarily and totally disabled from May 1, 2005 to this date. Both the medical records and Ms. Hackenburg's own reported history reveals her condition has remained unchanged during this period of time and therefore, in my opinion had already achieved a level of maximum medical improvement as of May 2005.
 {¶ 12} 5. Following a January 13, 2006 hearing, a district hearing officer ("DHO") issued an order denying TTD compensation. The DHO's order explains:
 The injured worker's request for temporary total disability compensation from 5/01/2005 to the present and continuing is DENIED. The District Hearing Officer finds that the injured worker has not met her burden of proving that she is entitled to temporary total disability compensation over this period.
 This decision is based on Dr. Martin's 1/03/2006 report, which opines that the requested compensation is not supported. In addition, Dr. Knight's undated C-84 filed 12/12/2005 lists "degenerative disc disease 722.4" as one of the disabling conditions for the period at issue. Temporary total disability compensation can only be awarded if the allowed conditions independently disable the injured worker, and this condition has been specifically disallowed in this claim pursuant to a final 10/31/2005 Staff Hearing Officer order.
(Emphasis sic.)
 {¶ 13} 6. Relator administratively appealed the DHO's order of January 13, 2006. *Page 7 
 {¶ 14} 7. Relator's administrative appeal was heard by an SHO on February 14, 2006. At the hearing, relator submitted a C-84 from Dr. Knight dated February 8, 2006. On the C-84, Dr. Knight wrote that relator was "[t]otally and temporarily disabled since 5/1/05." Dr. Knight listed February 6, 2006, as the last examination date.
 {¶ 15} The C-84 form asks the physician to "List ICD-9 Codes with narrative diagnosis(es) for allowed conditions being treated which prevent return to work." In response, Dr. Knight wrote: "722.2[,] 846.0 [and] 805.2."
 {¶ 16} The C-84 form also asks the physician to indicate whether the industrial injury has reached maximum medical improvement ("MMI"). In response, Dr. Knight marked the "No" box, thus indicating that the injury is not at MMI.
 {¶ 17} 8. Following the February 14, 2006 hearing, the SHO issued an order vacating the DHO's order of January 13, 2006. The SHO's order of February 14, 2006 explains:
 The Hearing Officer finds that the claimant has presented sufficient medical evidence to establish that she is entitled to the payment of temporary total compensation but she has filed a C-84 which is not dated by the doctor but is filed on 12/08/2005 requesting temporary total compensation from 5/01/2005 to 9/26/2006. Said document has on it degenerative disc disease which has been disallowed in this claim. Therefore said C-84 would not be utilized. The claimant submitted at hearing a C-84 from Dr. Knight dated 2/08/2006. In the disability section it states from Dr. Knight total and temporarily disabled since 5/01/2005 and does not have return to work date, indicating the conditions are permanent. The Staff Hearing Officer will not make that determination but will indicate that the claimant is entitled to the payment of temporary total compensation once proper C-84s are filed in the claim, which are not defective. Said temporary total compensation is to be paid from the date of last payment to 2/14/2006, inclusive, and to continue if the claimant presents proper medical documentation. This order *Page 8 
is based on the medical documentation in file from Dr. Knight and the claimant's testimony at hearing concerning her current job duties.
 {¶ 18} 9. On March 10, 2006, another SHO issued an order refusing the administrative appeal from the SHO's order of February 14, 2006.
 {¶ 19} 10. On March 28, 2006, the employer moved for reconsideration of the SHO's March 10, 2006 refusal order.
 {¶ 20} 11. On April 22, 2006, the three-member commission mailed an interlocutory order stating:
 The employer's request for reconsideration, filed 03/28/2006, from the Staff Hearing Officer refusal order, issued 03/10/2006, is referred to the Commission Level Hearings Section to be docketed before the Members of the Industrial Commission. The issues to be heard are:
 [One] The employer's request for the Industrial Commission to invoke its continuing jurisdiction pursuant to Ohio Revised Code 4123.52, and
 [Two] Issue:
 [One] Continuing Jurisdiction Pursuant To R.C. 4123.52
 [Two] Request For Temporary Total
 It is the finding of the Industrial Commission that the employer has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow and an error by the subordinate hearing officer in the findings issued on 02/14/2006, which renders the order defective.
 Specifically, it is alleged that the Staff Hearing Officer ordered payment of compensation without legally sufficient medical evidence, failed to address two material defense[s] raised by the employer, and references job duties the injured worker is not performing. *Page 9 
 The refusal order issued 03/10/2006 is hereby vacated.
 Based on these findings, the Industrial Commission directs that the employer's request for reconsideration filed 03/28/2006 is to be set for hearing to determine if the alleged mistake of law and an error by the subordinate hearing officer as noted herein are sufficient for the Industrial Commission to invoke its continuing jurisdiction.
 In the interests of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Industrial Commission will take the matter under advisement and proceed to hear the merits of the underlying issue. The Industrial Commission will thereafter issue an order on the matter of continuing jurisdiction under Ohio Revised Code 4123.52. If authority to invoke continuing jurisdiction is found, the Industrial Commission will address the merits of the underlying issue.
 This order is issued pursuant to State ex rel. Nicholls v. Indus. Comm. (1998) 81 Ohio St.3d 454, State ex rel. Foster v. Indus. Comm. (1999) 85 Ohio St.3d 320, and in accordance with Ohio Administrative Code 4121-3-09.
 {¶ 21} 12. On February 23, 2006, Dr. Knight completed two additional C-84s. On the first C-84, Dr. Knight certified TTD from May 1, 2005 to August 23, 2006, but failed to list a return-to-work date.
 {¶ 22} On the other C-84, Dr. Knight certified TTD from May 1, 2005 to an estimated return-to-work date of August 23, 2006.
 {¶ 23} On both C-84s, Dr. Knight failed to mark the box to answer the query of whether the industrial injury is at MMI. On both C-84s, the allowed conditions being treated which prevent return to work were listed as: "722.2[,] 846.0 [and] 805.2."
 {¶ 24} 13. Following a May 23, 2006 hearing, the three-member commission issued an order stating: *Page 10 
 * * * After further review and discussion, it is the decision of the Industrial Commission that the employer's request for reconsideration, filed 03/28/2006, is granted and the order of the Staff Hearing Officer dated 02/14/2006, is vacated.
 It is the finding of the Industrial Commission that the employer has met its burden of proving that the Staff Hearing Officer order, dated 02/14/2006, contains a clear mistake of fact of such character that remedial action would clearly follow. Specifically, the Staff Hearing Officer awarded temporary total disability compensation with no evidence on file at the time of the hearing which was reliable and probative that the injured worker was temporarily and totally disabled as the result of the allowed conditions in the claim. As acknowledged by the Staff Hearing Officer, the C-84s presented by the injured worker at the time of hearing contained flaws which render them incapable of being relied upon to award compensation. On this basis, it is the finding of the Commission that, at the time of the Staff Hearing of 02/14/2006, the injured worker had failed to satisfy her burden of proving entitlement to the award she sought. Therefore, the Commission exercises continuing jurisdiction pursuant to R.C. 4123.52 and the case law of State ex rel. Nicholls v. Indus. Comm. (1998), 81 Ohio St.3d 454; State ex rel. Foster v. Indus. Comm. (1999), 85 Ohio St.3d 320; and State ex rel. Gobich v. Indus. Comm. (2004), 103 Ohio St.3d 585, in order to correct this error.
 * * *
 It is the order of the Commission that the injured worker be awarded temporary total disability compensation for the closed period 05/01/2005 through 01/02/2006. Temporary total disability compensation is terminated on 01/02/2006 on a finding that the injured worker was then in a status of maximum medical improvement, and so her disability was no longer temporary.
 The award of temporary total disability compensation is made in reliance upon the two C-84s from Kim Knight, M.D., both dated 02/23/2006. Unlike the two earlier C-84s, which have been found defective, these C-84s state Dr. Knight's opinion that the injured worker was temporarily and totally disabled as a consequence of allowed conditions (that is, without consideration given to degenerative disc disease) *Page 11 
and provide an estimated return to work date, implicitly certifying to the temporary status of the disability.
 Temporary total disability compensation is denied on and after 01/03/2006 on a finding the injured worker's disability from all allowed conditions had reached maximum medical improvement. This finding is based on the report of examination of 01/03/2006 from Paul Martin, M.D.
 The Commission has considered the employer's defense to the payment of temporary total disability compensation that such compensation is not indicated because of an offer of suitable work by another employer, Meijer's. This defense is not well-taken. Pursuant to Ohio Adm. Code 4121-3-32(A)(7), for a job offer to provide a proper basis for termination or denial of temporary total disability compensation, it must be made in writing, and a written copy of the offer must be submitted to the claim file. No such written offer has been submitted.
 {¶ 25} 14. One of the commission members issued a dissenting opinion stating:
 I agree with the majority that there are grounds for the Commission to exercise continuing jurisdiction, however, I am not persuaded that the injured worker's condition reached maximum medical improvement on 01/03/2006.
 {¶ 26} 15. On September 15, 2006, relator, Elizabeth Hackenburg, filed this mandamus action.
Conclusions of Law: {¶ 27} The main issue is whether the commission properly exercised its continuing jurisdiction over the SHO's order of February 14, 2006.
 {¶ 28} Finding that the commission properly exercised its continuing jurisdiction, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below. *Page 12 
 {¶ 29} The commission's continuing jurisdiction is not unlimited. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; and (5) error by an inferior tribunal. State ex rel. Gobich v. Indus. Comm.,103 Ohio St.3d 585, 2004-Ohio-5990; State ex rel. Royal v. Indus. Comm. (2002),95 Ohio St.3d 97; State ex rel. Foster v. Indus. Comm. (1999),85 Ohio St.3d 320; and State ex rel. Nicholls v. Indus. Comm. (1998),81 Ohio St.3d 454.
 {¶ 30} In Gobich, at ¶ 15, the court states:
 The presence of one of these prerequisites must be clearly articulated in any commission order seeking to exercise reconsideration jurisdiction. Nicholls; State ex rel Foster v. Indus. Comm. (1999), 85 Ohio St.3d 320, 707 N.E.2d 1122. This means that the prerequisite must be both identified and explained. Id. It is not enough to say, for example, that there has been a clear error of law. The order must also state what that error is. Nicholls, 81 Ohio St.3d at 459, 692 N.E.2d 188; Foster at 322, 707 N.E.2d 1122. This ensures that the party opposing reconsideration can prepare a meaningful defense to the assertion that continuing jurisdiction is warranted. Royal, 95 Ohio St.3d at 100, 766 N.E.2d 135. It also permits a reviewing court to determine whether continuing jurisdiction was properly invoked. Id. at 99-100, 766 N.E.2d 135.
 {¶ 31} The February 14, 2006 SHO's order contains a clear mistake of law. The SHO held that he could not rely upon the so-called undated C-84 nor the C-84 dated February 8, 2006. Those were the only C-84s before the SHO. Notwithstanding his holding that the C-84s are defective and cannot be relied upon, the SHO ordered that TTD compensation be paid "if the claimant presents proper medical documentation."
 {¶ 32} Here, the employer appropriately quotes from this court's opinion in State ex rel. Genuine Parts Co. v. Indus. Comm.,160 Ohio App.3d 99, 2005-Ohio-1447, at ¶ 6, wherein this court states: *Page 13 
 The claimant had the opportunity to present evidence supporting her request for TTD compensation. Based upon the evidence presented, the commission made its determination. The magistrate found that the evidence relied upon by the commission was insufficient to support the award. For the reasons previously noted, Dr. Snell's C-84 was not evidence upon which the commission could rely because it conflicted with his office notes. It is unclear whether the commission relied upon Dr. Smith's report. Regardless of whether the commission relied upon Dr. Smith's report, the report is not sufficient to support an award of TTD compensation. Therefore, there simply is insufficient evidence to support an award of TTD.
 {¶ 33} Given the SHO's holding in his February 14, 2006 order that the C-84s are defective and cannot be relied upon, the SHO had no authority to order TTD compensation conditioned upon relator's future filing of proper medical documentation. Genuine Parts.
 {¶ 34} In its March 28, 2006 motion for reconsideration, the employer, citing Genuine Parts, urged the commission to find that the SHO erred by "giving the claimant another opportunity to present the evidence she should have filed with her motion."
 {¶ 35} In its interlocutory order, the commission finds that "the employer has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration regarding the alleged presence of a clear mistake of law." Among the potential errors noted by the commission, is that the SHO "ordered payment of compensation without legally sufficient medical evidence."
 {¶ 36} In its order of May 23, 2006, the commission found that the SHO's order of February 14, 2006, contains a "clear mistake of fact." Specifically, the commission's order indicates that the SHO "awarded temporary total disability compensation with no evidence on file at the time of the hearing which was reliable and probative that the *Page 14 
injured worker was temporarily and totally disabled as the result of the allowed conditions in the claim."
 {¶ 37} Here, relator emphasizes that, in the interlocutory order, the error is identified by the commission as a "clear mistake of law," while the error is identified as a "clear mistake of fact" in the commission's order of May 23, 2006.
 {¶ 38} In the magistrate's view, the error was correctly identified in the interlocutory order as a clear mistake of law. However, the identification of the error in the commission's order of May 23, 2006, as a clear mistake of fact is simply harmless error.
 {¶ 39} Based upon the foregoing analysis, the commission properly exercised its continuing jurisdiction.
 {¶ 40} Relator also contends that the commission lacked authority to make a determination that the industrial injury had reached MM I when it exercised its continuing jurisdiction over the SHO's order of February 14, 2006. The magistrate disagrees.
 {¶ 41} To begin, the employer presented the MMI issue to the DHO at the January 13, 2006 hearing when it submitted the January 3, 2006 report of Dr. Martin who opined that the industrial injury had "achieved a level of maximum medical improvement as of May 2005." However, the DHO did not reach an MMI determination, but did deny TTD compensation on grounds that Dr. Knight's undated C-84 premises TTD in part on a disallowed condition.
 {¶ 42} On the administrative appeal, the SHO's order of February 14, 2006 fails to address the MMI issue even though TTD compensation is awarded, albeit conditionally. *Page 15 
 {¶ 43} In its motion for reconsideration, the failure of the SHO's order of February 14, 2006, to address MM I was among the errors the employer sought to bring to the commission's attention.
 {¶ 44} Contrary to relator's suggestion, that the commission's order of May 23, 2006 fails to articulate the SHO's failure to address MMI as a basis for the exercise of continuing jurisdiction does not preclude the commission from determining MMI in the exercise of its continuing jurisdiction over the SHO's order of February 14, 2006.
 {¶ 45} When the commission exercised its continuing jurisdiction over the SHO's order of February 14, 2006, it acquired continuing jurisdiction over all the issues related to relator's request for TTD compensation including the employer's claim that the industrial injury is at MMI. See State ex rel. Jones v. Indus. Comm. (1996),76 Ohio St.3d 503. Accordingly, the commission did not exceed its continuing jurisdiction nor did it abuse its discretion when it determined that the industrial injury had reached MMI as of January 3, 2006, based upon Dr. Martin's report.
 {¶ 46} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1